# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HAROLD D. ISAAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00173-NAB |
| | ) | |
| MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of pro se plaintiff Harold D. Isaac's civil complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff will be directed to file an amended complaint on a Court-provided form. Furthermore, he must either pay the filing fee or file a motion to proceed in forma pauperis.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently an inmate at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. On September 30, 2019, he filed a document with the Court that has been construed as a civil complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint is handwritten and not on a Court form.

Plaintiff begins by complaining that on shower nights, guards do not have clean clothing to distribute, and that he has only one t-shirt, one pair of socks, one pair of boxers, one sheet, one blanket, one face towel, and no big towel. (Docket No. 1 at 1-2). He states that this is an issue

because he has tinea versicolor,[1] which has manifested itself as a rash that has spread to his pelvis and private parts. (Docket No. 1 at 3). Plaintiff alleges that his condition requires an exchange of clothing and bedding every twenty-four hours. Despite his requests, however, plaintiff has not received extra clothing.

Plaintiff further claims that upon his first visit with Dr. McKinney, the physician at PCC, he was denied a medical lay-in that would keep him out of food services. (Docket No. 1 at 4). As a consequence, he had to work in the food services steam room and to share work clothing with another inmate who also had tinea versicolor. Because of this, he wants to file a case against Dr. McKinney and Corizon, Inc. (Docket No. 1 at 5).

Plaintiff also levies a number of accusations concerning his time spent on suicide watch from June 15, 2019 until September 13, 2019. First, he states that on June 15, 2019, he was not placed in a suicide cell when he declared himself suicidal. (Docket No. 1 at 7). Plaintiff subsequently attempted to hang himself.

Second, after being placed in a suicide cell, plaintiff claims he was put on meal-loaf for nine meals, and that the guard would drop the meal-loaf into his cell, which meant that plaintiff was "forced to eat food off the floor."

Third, plaintiff alleges that Officer Huett "constantly" served his food trays without first flushing his toilet, meaning that he had to eat while "enduring the smell of urine and [feces]." (Docket No. 1 at 8). He states that Officer Huett did this intentionally, and only singled out the black inmates on suicide watch.

---

[1] According to the Mayo Clinic, tinea versicolor is a common fungal infection of the skin. The symptoms include patches of skin discoloration, mild itching, and scaling.

Fourth, plaintiff states that "on one particular day," Officer Gordan refused to give him toilet paper. This purportedly occurred as retaliation for plaintiff threatening to report Officer Gordan and Officer Huett to the U.S. Commission on Civil Rights.

Fifth, plaintiff asserts that Officer Huett filed a false conduct violation against him in retaliation for his threatening her with lawsuits. (Docket No. 1 at 10).

Sixth, plaintiff claims that he was denied showers for over thirty days, even though mental health officials approved him to take them. During his entire stay on suicide watch, he only showered four times. (Docket No. 1 at 16).

Seventh, plaintiff states that while he was on suicide watch, the guards never exchanged his used smock or blanket for clean ones. (Docket No. 1 at 12). Each time he asked for a fresh smock or blanket, he was advised that none were available. He was offered a paper smock, but declined due to the cold. Plaintiff claims that the dirty smock caused him to break out in a "rash/fungus."

Eighth, plaintiff alleges that while on suicide watch, Nurses Jessica Unknown, Dezzeray Unknown, and Tianna Unknown "refused [him] medical attention." (Docket No. 1 at 13). Plaintiff also alleges that Nurses Jessica, Dezzeray, and Tianna refused to have guards remove him from his cell in order for them to "take notes and/or make medical notations in [his] medical records" about his rash.

Ninth, on August 22, 2019, plaintiff was removed from his cell and taken to a sick-call station, where he was handcuffed to a bench. (Docket No. 1 at 14). There, plaintiff claims that Officer Browers "opened about a dozen or more pieces of [his] legal mail." During this incident, plaintiff did not speak to anyone because he was "too emotionally troubled." Afterwards, plaintiff was taken to a shower stall, where he began smashing his head against the walls. Plaintiff was

removed from the shower stall and cuffed to a bench. A nurse was called but plaintiff refused to respond to her. Thereafter, he was taken back to the suicide cell. Plaintiff accuses a mental health worker, "Ms. Thomas," of failing to "evaluate" him prior to his removal from the suicide cell.

Tenth, plaintiff asserts that at all times "relevant to [his] stay at the Potosi Correctional Center," he has been denied timely access to healthcare by Corizon. (Docket No. 1 at 15).

Finally, plaintiff contends that the policy of limiting property for offenders in administrative segregation is unconstitutional.

Plaintiff seeks a Court order requiring PCC staff to "deliver" seventeen informal resolution request forms to him, so that he can officially record his complaints. (Docket No. 1 at 17). He also requests the Court to "remedy this set of circumstances." (Docket No. 1 at 18).

## Discussion

Plaintiff has filed a document that has been construed as a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint contains a number of claims regarding his conditions of confinement. In particular, he has alleged that his tinea versicolor is not being properly treated, and that his constitutional rights were violated while he was on suicide watch. Plaintiff's complaint contains deficiencies making it subject to dismissal. However, because he is proceeding pro se, plaintiff will be allowed to file an amended complaint in accordance with the instructions set forth below.

### A. Deficiencies in Complaint

Plaintiff's complaint contains a number of defects. First, it is not on the Court's civil rights form, as required. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

Second, plaintiff has not clearly identified the defendants he is intending to sue. His complaint names over a dozen individuals, as well as unidentified "prison officials," without any clear indication as to who is actually supposed to be a defendant. This does not comport with Fed. R. Civ. P. 10(a), which requires the title of the complaint to name all the parties.

Third, plaintiff has not indicated the capacity in which he is suing defendants. If a complaint is silent as to the capacity in which a defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). An official capacity suit against an individual is really a suit against that individual's employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (stating that in an official capacity claim against an individual, the claim is actually "against the governmental entity itself").

Plaintiff is suing both State of Missouri and Corizon employees. As to the State of Missouri employees, his official capacity claims are in actuality claims against the state. To the extent that plaintiff is seeking money damages, his claims would fail because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). To the extent he is seeking injunctive relief, he has failed to allege that liability for his constitutional violations resulted from an unconstitutional policy or custom. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018). Likewise, he has not alleged facts to support the proposition that Corizon had "a policy, custom, or official action that inflicted an actionable injury." *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F2d 972, 975 (8th Cir. 1993). In short, for the above-stated reasons, plaintiff's complaint would be subject to dismissal.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06 (A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). If the complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of that defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Plaintiff has also neglected to either pay the filing fee or file a motion to proceed in forma pauperis. The Clerk of Court will be directed to send to plaintiff a copy of the Court's motion to proceed in forma pauperis form. If plaintiff elects to file a motion to proceed in forma pauperis, he must include a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis, along with his inmate account statement, within **thirty (30) days** of the date of this order. If plaintiff fails to comply with this order, his complaint will be dismissed without prejudice and without further notice.

C. **Motion for Court Assistance**

Plaintiff has filed a document titled "Motion for Court Assistance." (Docket No. 4). In the motion, plaintiff states that the air conditioning in administrative segregation is "blowing at full blast twenty-four hours a day." He further states that Missouri Department of Corrections officials have failed to provide him with a second sheet, second blanket, or a second "set of greys." Plaintiff seeks a Court order requiring the Department of Corrections to provide him a list of clothing within seventy-two hours; to order the Department of Corrections to ensure that heat is circulated in his cell; and to order the Department of Corrections to transfer him to a different facility if they are unable to provide "humane conditions of confinement."

Plaintiff's motion will be denied. If he desires, these claims may be added to his amended complaint, in accordance with the instructions set forth in this order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Court Assistance" (Docket No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff shall filed an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty days, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the full filing fee or file a motion to proceed in forma pauperis, along with a certified copy of his inmate account statement, within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to either pay the full filing fee or file a motion to proceed in forma pauperis, this action will be dismissed without prejudice and without further notice.

**IT IS FINALLY ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

　/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of November, 2019.